IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERYL SANTOS-HUNT,<br>    Individually and on behalf of<br>    all others similarly situated<br><br>    Plaintiff<br><br>v.<br><br>HUMAN SERVICE OPTIONS,<br>INC., MARTIN JONES and<br>JANICE M. LOWENSTEIN<br><br>    Defendants | CASE NO: |

## COLLECTIVE ACTION AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1. Plaintiff, Cheryl Santos-Hunt, on behalf of herself and all other similarly situated persons, brings this collective action and class action lawsuit against Defendants, Human Service Options, Inc., its President Martin Jones, and its Treasurer Janince M. Lowenstein, in which Plaintiff claims Defendants: (1) willfully violated the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219 ("the FLSA"), by failing to pay Plaintiff and Collective Group 1.5 times their regular hourly rate of pay for all hours worked in excess of 40 hours per week; (2) violated the Massachusetts Overtime Law, G.L. ch. 151, § 1A ("the MOL"), by failing to pay Plaintiff and Class 1.5 times their regular hourly rate of pay for all hours worked in excess of 40 hours per week; and (3) violated the Massachusetts Wage Act, G.L. ch. 149, § 148 ("the MWA"), by failing to pay Plaintiff and Class all wages due to them in a timely manner.

2. Plaintiff, Collective Group, and Class seek payment of all unpaid wages, statutorily mandated liquidated and/or treble damages, attorneys' fees and costs, and pre-judgment interest.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C.A. § 1331 because this action arises under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219.

4. Venue is proper under 28 U.S.C.A. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Specifically, Plaintiff worked as an employee for Defendant at its facility located at 326 West Street, Randolph, Massachusetts, 02368.

## PARTIES

5. Plaintiff, Cheryl Santos-Hunt, is a natural person and resides in Randolph, Massachusetts.

6. Defendant, Human Service Options, Inc. ("HSO"), is a Massachusetts corporation with a principal place of business located at 35 Braintree Hill Office Park, Braintree, Massachusetts, 02184.

7. HSO is in the business of providing support to individuals with intellectual disabilities. To that end, Defendants operate numerous facilities across Massachusetts, in which they provide services for individuals with intellectual disabilities, including educational and vocational services.

8. Defendant Martin Jones is the President of Human Service Options, Inc., and upon information and belief, resides in Massachusetts.

9. Defendant Janice M. Lowenstein is the Treasurer of Human Service Options Inc., and upon information and belief, resides in Massachusetts.

10. The Collective Group and Class of similarly situated individuals is as follows:

> All current and former employees of Defendants who worked as so-called "House Managers" for Defendants in Massachusetts during the applicable statute of limitations period ("Collective Group" or "Class Members").

11. Defendants employed Plaintiff and the Collective Group/Class Members for purposes of the FLSA, the MOL, and the MWA.

## SPECIFIC ALLEGATIONS

12. Plaintiff and all Collective Group/Class Members are employed or have been employed by Defendants and currently work or have worked as so-called "House Managers" for Defendants.

13. As so-called "House Managers" for Defendants, Plaintiff's and all Collective Group/Class Members' primary responsibility is or has been to ensure that the individuals to whom housing and services are being provided for at Defendant's facilities are safe and healthy and that each individual receives a high level of quality and consistent care.

14. On information and belief, from the three years preceding the filing of this Complaint through the present, Defendants have employed at least 40+ individuals as so-called "House Managers" in Massachusetts.

15. When Defendants hire a so-called "House Manager," they provide the individual with an acceptance letter that confirms the individual will be paid a specified rate of pay per hour.

16. As a result, each so-called "House Manager's" weekly compensation varies based on the number of hours they work.

17. Defendants agreed to pay Plaintiff an hourly rate of $18.40 per hour.

18. However, contrary to Defendants' representation, Defendants paid Plaintiff less than $18.40 per hour for any hours worked by the Plaintiff over 40 in a workweek.

19. On information and belief, Defendant has also paid the Collective Group/Class Members less than their agreed-upon hourly rate for any hours worked over 40 in a workweek.

20. Defendants also require each so-called "House Manager" to be "on-call" on a rotating basis.

21. When the so-called "House Manager" is on-call, he or she is required to visit at least one of Defendants' facilities (other than the facility the so-called "House Manager" regularly works out of) and perform certain tasks while on site.

22. Defendants failed to pay any compensation to Plaintiff and the Collective Group/Class Members for any of the time identified in paragraph 21.

23. Defendants' failure to pay the Collective Group/Class Members at their agreed-upon hourly rate for all time worked results in the Collective Group/Class Members being denied legally required compensation.

24. Defendants also failed to pay Plaintiff and the Collective Group/Class Members 1.5 times their hourly rate for all hours they worked in excess of 40 hours per week as required by the FLSA and the MOL.

25. Defendants' failure to pay the Collective Group/Class Members 1.5 times their hourly rate for all hours they worked in excess of 40 hours per week also resulted in the Collective Group/Class Members being denied legally required compensation.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings count one set forth below as a collective action under 29 U.S.C.A. § 216(b) on behalf of herself and all other individuals who, any time after April 2015, were by employed by Defendants as so-called "House Managers" in Massachusetts.

27. Plaintiff and all individuals who, any time after April 2015, were employed as so-called "House Managers" by Defendants in Massachusetts are similarly situated in that they have all been subject to Defendants' common wage-payment practices.

28. On information and belief, Defendants knew that Plaintiff and all similarly situated individuals performed work that required payment of certain wages, including overtime wages.

29. As a result, Defendants' conduct was willful.

30. Count one of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action under 29 U.S.C.A. § 216(b) because Plaintiff's claim is similar to the claims of all so-called "House Managers" employed by Defendants in Massachusetts.

31. Defendants are liable under the FLSA for failing to compensate Plaintiff and Collective Group members properly, and notice of this lawsuit should be sent to them. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' employment and payroll records.

## CLASS ACTION ALLEGATIONS

32. G.L. ch. 149, § 150 and G.L. ch. 151, § 20 authorize employees to bring claims on behalf of themselves and all others similarly situated. These statutes implicitly acknowledge that plaintiff's bringing claims on behalf of others similarly situated need not establish the requirements of Fed. R. Civ. P. 23; rather they must only establish that they are similarly situated to those whom they seek to bring claims on behalf of. This issue notwithstanding, Plaintiff and the Class Members assert that their claims also meet the requirements of Fed. R. Civ. P. 23.

33. The temporal period for the infractions alleged herein shall be from three years before the filing of this matter up through the date of a final judgment and/or when Defendants cease their unlawful conduct.

34. The Class Members are all current and former so-called "House Managers" who were employed by Defendants at any time from the three years preceding the filing of the Complaint in this matter through the date of final judgment and/or when Defendants cease their unlawful conduct.

35. The Class Members are similarly situated to Plaintiff and to each other because they were all subject to Defendants' uniform wage practices.

36. On information and belief, there are 40+ individuals affected by the conduct described herein.

37. There are questions of law and fact common to Plaintiff and the Class Members that predominate over any questions affecting only individual members, including whether Defendants' uniform wage practices were unlawful under the MOL and MWA.

38. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members were subjected to and harmed by Defendants' conduct described above in the same manner.

39. Plaintiff will fairly and adequately protect the interests of the Class Members and has retained an attorney experienced in class action wage and employment litigation.

40. A class action is therefore superior to other available methods for the fair and efficient adjudication of this controversy. A class action is also superior to other available methods for the fair and efficient adjudication for the following reasons:

    a. it is economically impractical for the Class Members to prosecute individual actions;

    b. the Class is readily definable;

    c. prosecution as a class action will eliminate the possibility of repetitious litigation;

    d. a class action will enable claims to be handled in an orderly and expeditious manner; and

    e. a class action will save time and expense and will ensure uniformity of decisions.

41. The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications concerning individual Class Members.

42. Plaintiff does not anticipate any difficulty in the management of this litigation.

## COUNT ONE
### (Violation of 29 U.S.C.A. §§ 201 to 219 – Fair Labor Standard Act)

43. Plaintiff incorporates by reference paragraphs 1–42 as if set forth herein.

44. By its conduct as set forth herein, Defendants have violated the FLSA by failing to pay Plaintiff and the Collective Group their overtime wages due.

45. Defendants are liable for the full amount of Plaintiff's and the Collective Group's unpaid wages, liquidated damages, reasonable attorneys' fees, and expenses.

## COUNT TWO
### (Violation of G.L. ch. 151, § 1A - Massachusetts Overtime Law)

46. Plaintiff incorporates by reference paragraphs 1–45 as if set forth herein.

47. By its conduct as set forth herein, Defendants have violated G.L. ch. 151, § 1A by failing to pay Plaintiff and the Class Members 1.5 times their regular hourly rate of pay for all hours worked in excess of 40 hours per week.

48. Plaintiff and the putative class have been damaged by Defendants' violation of G.L. ch. 151, § 1A.

49. Defendant is liable for the full amount of Plaintiff's and the Class Members' unpaid wages, treble damages, prejudgment interest, and reasonable attorneys' fees and expenses.

## COUNT THREE
### (Violation of G.L. ch. 149, § 148 – Massachusetts Wage Act)

50. Plaintiff incorporates by reference paragraphs 1–49 as if set forth herein.

51. By its conduct as set forth herein, Defendants has violated G.L. ch. 149, § 148 by failing to pay Plaintiff and the Class Members their correct wages on a weekly or bi-weekly basis.

52. Plaintiff and the putative class have been damaged by Defendant's violations of G.L. ch. 149, § 148.

53. Defendants are liable for the full amount of Plaintiff's and the Class Members' unpaid wages, treble damages, prejudgment interest, and reasonable attorney's fees, and expenses.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

A. An order certifying Plaintiff's FLSA claim as a collective action under 29 U.S.C.A. § 216(b) and Plaintiff's state law claims as a class action under Fed. R. Civ. P. 23 and appoint Plaintiff and her counsel to represent the Collective Group/Class Members;

B. A judgment and order requiring a certified, independent accounting at Defendants' expense of all payroll and financial records in Defendants' possession, and/or the appointment of a Master or Receiver to determine the correct compensation owed to Plaintiff and the Collective Group/Class Members;

C. A judgment and order awarding Plaintiff and the Collective Group/Class Members their unpaid wages;

D. A judgment and order awarding Plaintiff and the Collective Group/Class Members all statutorily mandated liquidated and/or treble damages for the collective/class claims and individual claim;

E. A judgment and order requiring Defendants to pay Plaintiff's and the Collective Group/Class Members' reasonable attorneys' fees and the costs of this action;

F.  A judgment and order requiring Defendants to pay all legal interest permissible; and

G.  Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,
Plaintiff,
CHERYL SANTOS-HUNT,
individually and on behalf of all others
similarly situated,
By her attorney(s),

 /s/ Adam J. Shafran_____
Adam J. Shafran, Esq. (BBO 670460)
*ashafran@rflawyers.com*
Nicholas J. Schneider, Esq. (BBO 688498)
*nschneider@rflawyers.com*
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)